

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 4, 1964

Honorable Donald E. Short       Opinion No. C-263
County Attorney
Wichita County Courthouse       Re: Construction of Art. 666-32,
Wichita Falls, Texas                V.P.C. in reference to a pe-
                                    tition for a local option
                                    election in the City of
Dear Mr. Short:                     Pleasant Valley.

        In your letter of March 20, 1964, you asked for a con-
struction of Article 666-32, Vernon's Penal Code, in antici-
pation of an incorporated city's local option election to pro-
hibit the sale of aloholic beverages.

        The pertinent part of the statute is:

        ". . . When any such petition so issued
shall within thirty (30) days after the date
of issue be filed with the Clerk of the Com-
missioners Court bearing the actual signatures
of as many as twenty-five per cent (25%) of the
qualified voters of any such county, justice's
precinct, or incorporated city or town, to-
gether with a notation showing the residence
address of each of the said signers, together
with the number that appears on his poll tax
receipt or exemption certificate, or a sworn
statement that the signer is entitled to vote
without holding either a poll tax receipt or
an exemption certificate, taking the votes for
Governor at the last preceding General Election
at which presidential electors were elected as
the basis for determining the qualified voters
in any such county, justice's precinct, or in-
corporated city or town, it is hereby required
that the Commissioners Court at its next regular
session shall order a local option election to
be held upon the issue set out in such petition
. . . ." (Emphasis Supplied)

        The facts as you state in your letter are that the City
of Pleasant Valley was incorporated subsequent to the last pre-
ceding general election at which presidential electors were
elected.  It will therefore be difficult to determine the 25%
requirement.

If the law directs an officer or officers to order an election when a certain number of qualified voters have joined in a petition, it is the duty of the officers to ascertain whether the requisite number of voters have joined in the petition and whether they are qualified. However, the officials will be allowed to exercise their own discretion in this matter, provided that their decision is based on reason and fairness and is not impelled by fraud or caprice. 21 Tex.Jur.2d 285.

The Montgomery County Clerk was faced with a similar problem in 1946 in that the City of Conroe wanted to petition for a local option election, and the two voting boxes used for general elections extended beyond the city limits. The result was that there was no means of determining how many of the votes cast at the last election for Governor, at which time Presidential Electors were elected, were actually voters presiding within the city limits of Conroe. On that question this office held, in Attorney General's Opinion No. 0-7218, 1946, that the County Clerk, whenever a petition called for under Article 666-32 is presented to him, may adopt any means he deems necessary and proper to determine whether or not the signers of such a petition are qualified voters of the county or political subdivision and to ascertain the number of qualified voters signing the same. The earlier case of Akers v. Remington, 115 S.W.2d 714 (Tex.Civ App. 1938, error dism.), and Attorney General's Opinion No. 0-488, 1939, are in accord.

Since the yardstick for determining qualified voters prescribed by the statute cannot be calculated, it appears that under the above authority, the County Clerk has the authority to adopt fair and proper means to ascertain the qualifications of petitioners.

By way of suggestion only, we point out that 25% of the number of inhabitants of the town of Pleasant Valley before its incorporation that now lies within the boundaries of the present City of Pleasant Valley who voted for Governor in the last presidential election might be an equitable basis for determining the sufficiency of the petition.

### S U M M A R Y

Under the present circumstances, the County Clerk of Wichita County may adopt any means he deems necessary and proper to determine whether or not the signers of a petition for a local option election in Pleasant Valley are qualified voters under Art. 666-32, V.P.C.

Honorable Donald E. Short, Page 3 (C-263 )

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: *Brady & Coleman*
BRADY S. COLEMAN
Assistant Attorney General

BSC:ls:br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Norman V. Suarez
Linward Shivers
Charles B. Swanner

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone